IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARK VERNON,                        )
                                    )
        Plaintiff,                  )
                                    )
                                    )    CIV-14-164-HE
v.                                  )
                                    )
BRIAN SLABOTSKY, et al.,            )
                                    )
        Defendants.                 )

SUPPLEMENTAL REPORT AND RECOMMENDATION

On February 21, 2014, Plaintiff, an individual appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 22, 2014, Plaintiff paid the full filing fee in this matter. In his Complaint, Plaintiff seeks damages for alleged constitutional violations, including malicious prosecution, wrongful imprisonment, perjury, Brady violations, failure to train, and unconstitutional conditions of his confinement in the Oklahoma County Detention Center and the Lawton Correctional Facility. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed without prejudice for failure to prosecute and serve the Defendants with process after Plaintiff was granted an extension of time to do so.

On May 7, 2014, Plaintiff was ordered to serve the Defendants in accordance with the Federal Rules of Civil Procedure. Order Requiring Service and Special Report (Doc. # 18).

1

Plaintiff was advised that proof of service of process on Defendants is Plaintiff's responsibility and must be completed 120 days from the date of the Order. Plaintiff was further advised that failure to timely file proof of service could result in dismissal of the action.

On August 14, 2014, Plaintiff was again advised that proof of service of process upon Defendants is Plaintiff's responsibility and that failure to timely demonstrate proof of service of process could result in dismissal of the action. Order (Doc. # 28).

Rule 4(m) provides that if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Rule 4(m) further provides, however, that the court may extend the time for service if the plaintiff shows "good cause" for the failure to timely serve the defendant.

"If good cause is shown, the plaintiff is entitled to a mandatory extension of time." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the cause without prejudice or extend the time for service." Id.

On November 24, 2014, Plaintiff was ordered to show cause for his failure to timely serve Defendants with process. Order to Show Cause (Doc. # 34). Plaintiff responded to the Order to Show Cause, and on December 22, 2014, the undersigned entered an Order finding that Plaintiff had shown good cause for his failure to timely serve the Defendants with

process pursuant to Fed. R. Civ. P. 4(m). (Doc. # 36). In this Order, Plaintiff was given one extension of time of 30 days to complete service of process upon the Defendants. Plaintiff was again advised in the Order that completion of service of process upon Defendants is Plaintiff's responsibility.

The thirty-day extension of time given Plaintiff to complete service of process and file returns expired on January 22, 2014. To this date, Plaintiff has not filed returns reflecting that he has completed service of process upon Defendants within the allotted time period. Plaintiff has not shown good cause for a second extension of time to complete service of process. Although it appears that some of his claims may be barred, or may have been barred at the time he filed his Complaint, by the governing two-year statute of limitations, see Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998)( for section 1983 actions arising in Oklahoma, Oklahoma's two year statute of limitations for personal injury suits applies), this factor is not alone sufficient reason for granting a permissive extension of time to complete service of process.

Plaintiff was granted one extension of time of thirty days to complete service of process. Plaintiff has not shown that he has made any attempt to complete service of process upon any Defendant in the thirteen months that this action has been pending. There is no reason for granting Plaintiff a permissive extension of time to complete service of process, and the time for doing so with the previously-granted extension has expired. Therefore, the cause of action should be dismissed without prejudice for failure to prosecute and serve the Defendants with process consistent with Fed. R. Civ. P. 4(m).

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to serve the Defendants with process consistent with Fed. R. Civ. P. 4(m). Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     February 18th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   29th   day of    January   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE